No. 50853.—Protest 120935–K of Fries Bros., Inc. (New York).

Opinion by KEEFE, J. An examination of the record failing to find anything sufficient to overcome the action of the collector, which was presumptively correct, the protest was overruled.

BEFORE THE FIRST DIVISION, JANUARY 30, 1946

No. 50854.—Petition 6510–R of Kassab Bros. (New York).

Opinion by OLIVER, P. J. Upon the record the court was convinced that petitioners acted in good faith and that the undervaluation on entry was solely the result of a clerical error. It was held that there was no intention to conceal or to misrepresent any of the facts or to deceive the appraiser as to the value of the merchandise or to defraud the revenue of the United States. The petition was therefore granted.

No. 50855.—Protests 891951–G, etc., of Biddle Purchasing Co. et al. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 30, 1946

No. 50856.—Protest 973301–G of R. Hirt, Jr., Inc. (New York).

Opinion by CLINE, J. It was stipulated that certain items of the merchandise consist of portions of cheese packed in boxes and that all such portions, except one portion which is Tilsit, are similar in all material respects to the cheese the subject of Kraft Phenix Cheese Corp. v. United States (10 Cust. Ct. 271, C. D. 767). In accordance therewith the merchandise in question was held dutiable as claimed.

No. 50857.—Protests 111002–K, etc., of C. S. Emery & Co. (St. Albans).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in Tower & Sons v. United States (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.